**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES RAY MYERS, JR., | Case No.: 3:25-cv-00708-ART-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 1 |
| STATE OF NEVADA, | |
| Defendant | |

Plaintiff, who is an inmate in the custody of the Nevada Department of Corrections (NDOC), has filed an application for leave to proceed in forma pauperis and various other documents, including a petition for name change. (*See* ECF Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5.) All documents are on state court forms and bear a caption for the Seventh Judicial District Court of the State of Nevada in and for the County of White Pine.

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

(quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's IFP application will be denied without prejudice because it was not filed on the court's form.

**CONCLUSION**

Accordingly, Plaintiff's IFP application (ECF No. 1) is **DENIED WITHOUT PREJUDICE**.

2

The Clerk shall **SEND** Plaintiff a copy of the application to proceed in forma pauperis by an inmate in NDOC custody and the instructions for same.[1] Plaintiff has **30 days** from the date of this Order to either file a completed IFP application or pay the full $405 filing fee. The application must be fully completed, including pages 1–3 of the court's approved form, and properly signed by Plaintiff on page 3.

The Clerk shall also **SEND** Plaintiff a copy of all papers he has filed in this action to date (ECF Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5), in the event they were inadvertently filed with this court, rather than the Seventh Judicial District Court, and Plaintiff would like to pursue his claims in the state court instead.[2]

If Plaintiff fails to timely file a completed IFP application or pay the filing fee, the court will recommend dismissal of this action without prejudice.

Once Plaintiff has filed his completed IFP application or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] The new form went into effect on December 8, 2025.

[2] This court does not have jurisdiction over a petition for name change. *See State v. People of State of Cal.*, No. C 93-0731 EFL, 1993 WL 106892, at *1 (N.D. Cal. Apr. 5, 1993) ("There is no federal subject matter jurisdiction to entertain a petition for change of name. Said requests are generally made to the state courts, which have either statutory or common law jurisdiction to entertain such requests."); *see also Bieler v. Nevada*, No. 3:25-CV-00652-ART-CLB, 2025 WL 4051970, at *2-3 (D. Nev. Nov. 14, 2025), *report and recommendation adopted*, No. 3:25-CV-00652-ART-CLB, 2026 WL 105675 (D. Nev. Jan. 13, 2026).

3

If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

**IT IS SO ORDERED**.

Dated: February 9, 2026

_____
Craig S. Denney
United States Magistrate Judge